UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOM J. PITT,

                                    Plaintiff,

                -against-

SALVATORE LIBRIZZI; L. WILLIAMS; LOUIS
FALCO; and COUNTY OF ROCKLAND,

                                    Defendants.

**<u>ORDER OF SERVICE</u>**

23-CV-02842 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at Elmira Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that during his detention at the Rockland County Jail,

Defendant Correction Officers Salvatore Librizzi and L. Williams failed to protect him from an

assault by another detainee. In addition to Officers Librizzi and Williams, Plaintiff also names as

Defendants County of Rockland and Rockland Sheriff Louis Falco, alleging that these Defendants

failed to train correction officers to address "inmate on inmate assault." (Doc. 1 at 4).  By order

dated April 6, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that

is, without prepayment of fees.[1]

As set forth in this order, the Court directs service on Defendants, applies Local Civil Rule

33.2 to the action, and refers Plaintiff to the New York Legal Assistance Group.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to
proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.**     Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**C.**   New York Legal Assistance Group

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is instructed to: (1) issue summonses for County of Rockland, Sheriff Louis Falco, Officer Salvatore Librizzi, and Officer Williams, (2) complete the USM-285 forms with the addresses for these defendants, and (3) deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court applies Local Civil Rule 33.2 to this action.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   White Plains, New York
         April 12, 2023

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Rockland County
        11 New Hempstead Road
        New City, NY 10956

2.      Sheriff Louis Falco III
        Rockland County Sheriff
        55 New Hempstead Road
        New City, NY 10956

3.      Officer Salvatore Librizzi
        Rockland County Sheriff
        55 New Hempstead Road
        New City, NY 10956

4.      Officer L. Williams
        Rockland County Sheriff
        55 New Hempstead Road
        New City, NY 10956