December 21, 2023

> The Court construes the motion as a request for a conference in connection with defendants' application to dismiss the complaint for failure to prosecute under Rule 41(b) and grants the request (Doc. 67).
>
> A telephone conference has been scheduled for 1/9/2024 at 9:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> Defense counsel shall make arrangements with the appropriate facility to have the plaintiff available via telephone.
>
> SO ORDERED.
>
> _signature_
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         December 22, 2023

**VIA SDNY ECF**

Hon. Philip M. Halpern
United States District Court, Southern District
300 Quarropas Street, Courtroom 520
White Plains, New York 10601

> **RE:  Pitt v. Librizzi, et al**
>        **SDNY Civ. Case No. 23-cv-02842 (PMH)**

Dear Judge Halpern:

This firm represents Defendants, Salvatore Librizzi and the County of Rockland (the "Rockland Defendants"), in the above-referenced action.  During the telephonic conference held before your Honor on October 26, 2023, my colleague, Mathew Dudley, explained to the Court that our office was having difficulty serving Plaintiff with copies of the papers filed in this matter because Plaintiff was not picking up (or signing for) his mail at Collins Correctional Facility.  At that time, Your Honor advised the Plaintiff that he was to pick up his mail or risk having his case dismissed.

Further, after our office again advised the Court by letter dated November 10, 2023 (*see* Dkt. # 60) that it appeared that Plaintiff again did not pick up his mail related to this action, on November 17, 2023, the Court issued a written order "again remind[ing] [Plaintiff] that the Court may dismiss this action if he fails to [do] that which is necessary to receive his mail, and otherwise fails to participate in this lawsuit." *See* Dkt. # 64.  Then, on December 7, 2023, the Court issued another written order that, among other things, "further reminded, again, that the Court may dismiss this action if [Plaintiff] fails to [do] that which is necessary to receive his mail, and otherwise fails to participate in this lawsuit." *See* Dkt. # 66.

On November 16, 2023, our office attempted to serve Plaintiff via First Class mail with the Rockland Defendants' Answer to Plaintiff's Amended Complaint with Affirmative Defenses. That mailing was returned to our office on December 18, 2023. *See* Exhibit A, attached hereto. Somone at Collins Correctional Facility noted on the envelope to that correspondence, "RTS 3 tries."  It appears that the facility provided Plaintiff three attempts to pick up his mail and then returned the mail to us after Plaintiff failed to pick it up.

Pursuant to the Court's orders of October 26, 2023, November 10, 2023 and December 7, 2023, we respectfully request that the Court dismiss this action due to Plaintiff's failure to receive the mail served on him, which indicates his failure to participate in this action.

Hon. Philip M. Halpern
December 21, 2023
Page 2



Respectfully Submitted,

**HARRIS BEACH PLLC**

/s/ *Darius P. Chafizadeh*

Darius P. Chafizadeh


DPC: mtd
Attachment
cc:     Malcolm J. Pitt, *pro se* Plaintiff (via First Class Mail)
        DIN:  23B1367
        Collins Correctional Facility
        Middle Road, P.O. Box 340
        Collins, NY 14034-0490

# Exhibit A

US POSTAGE PITNEY BOWES

ZIP 10601
02 7H
0000684893

$ 000.87°
NOV 16 2023

FIRST-CLASS

WESTCHESTER NY 105
16 NOV 2023

HARRIS BEACH PLLC
ATTORNEYS AT LAW

Mathew T. Dudley
Member

445 Hamilton Avenue, Suite 1206
White Plains, New York 10601

ADDRESS SERVICE REQUESTED

Malcolm
DIN: 23
Collins (
PO Box
Collins,

NIXIE          146   FE 1      0012/10/23

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:  10601183306      *1258-01517-16-44

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALCOLM J. PITT,

                                    Plaintiff,

          -against-

SALVATORE LIBRIZZI, in his official and
individual capacity, and COUNTY OF
ROCKLAND,

                                    Defendants.

---

Docket No.:  23-CV-2842 (PMH)


**ANSWER TO AMENDED
COMPLAINT WITH
<u>AFFIRMATIVE DEFENSES</u>**

---

Defendants SALVATORE LIBRIZZI and the COUNTY OF ROCKALND ("Defendants"), by and through their attorneys, HARRIS BEACH PLLC, as and for their Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, MALCOLM PITT, filed September 26, 2023 (D.E. #35) (the "AC"), state, upon information and belief, as follows:

<u>Answering the "Legal Basis for Claim" Section of the AC</u>

1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Section I of the AC, entitled "Legal Basis for Claim."

<u>Answering the "Plaintiff Information" Section of the AC</u>

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Section II of the AC, entitled "Plaintiff Information," and deny the truth of the allegation that Plaintiff's current place of detention is in Greene Correctional Facility.

<u>Answering the "Prisoner Status" Section of the AC</u>

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of all the allegations in Section III of the AC, entitled "Prisoner Status."

<u>Answering the "Defendant Information" Section of the AC</u>

4.      Defendants admit to the name, title and addresses of Defendants contained in Section IV of the AC, entitled "Defendant Information."

<u>Answering the "Statement of Claim" Section of the AC</u>

5.      Defendants deny the truth of the allegations contained in Section V of the AC, entitled "Statement of Claim," which is continued on pages 6 through 9 of the AC, including the subsection entitled "Injuries."

<u>Answering the "Relief" Section of the AC</u>

6.      Defendants deny that Plaintiff is entitled to any of the money damages or other relief alleged in Section VI of the AC, entitled "Relief."

<u>Answering the "Plaintiff's Certification and Warnings" Section of the AC</u>

7.      The allegations contained in Section VII of the AC, entitled "Plaintiff's Certifications and Warnings," require no response.  However, to the extent a responsive pleading is required, Defendants deny the allegations stated therein.

**GENERAL DENIAL**

8.      To the extent that Defendants may have failed to respond to any of the allegations in the AC by the foregoing, Defendants deny the truth of such allegations, and deny that Plaintiff is entitled to any recovery from Defendants.

**AFFIRMATIVE DEFENSES**

9.      Without assuming any burden of pleading or proof that would otherwise rest upon Plaintiff, Defendants assert the following defenses, reserving the right to supplement their answer and defenses as discovery and investigation continue.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10.     The AC fails to state a claim against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.     The AC fails to state a claim against Defendants with requisite specificity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.     The action is barred, in whole or in part, by 42 U.S.C. § 1997e, and any claim for attorneys' fees is limited by the same.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.     The action is barred, in whole or in part, by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.     The action is barred, in whole or in part, by absolute immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.     If there have been injuries and/or damages sustained, at the time and place alleged in the AC, they were in whole or in part the result of Plaintiff's own culpable conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.     If there have been injuries and/or damages sustained by Plaintiff as alleged in the AC, such injuries and/or damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of some other party or persons, firm or corporation, or their agents, servants or employees, over whom Defendants had no control and for whose carelessness, negligence or want of care Defendants were not and are not responsible or liable.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.     At all times relevant to the acts alleged in the AC, Defendants' agents' and officials' conduct was justified by an objectively reasonable belief that it was lawful, and they acted in good faith and had reasonable grounds to believe that they were in compliance with applicable law, and/or their conduct did not violate any clearly established right.  Thus, Defendants' agents and officials were entitled to qualified immunity, and Defendants are not liable for Plaintiff's claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.     At all times relevant hereto, Defendants acted in good faith in discharging their duties in accordance with all applicable statutes, laws, codes, rules, agreements, charters and regulations and pursuant to their authority, and as such, their actions, if any, are wholly justified.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19.     Defendants have not violated any rights, privileges or immunities secured to Plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any Act of Congress providing for the protection of civil rights, the rights of disabled persons, or any other rights.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21.     Plaintiff's claims fail because Plaintiff was the victim of a "surprise attack."

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22.     Plaintiff claims fail because either Plaintiff was not incarcerated under conditions posing a substantial risk of serious harm and/or Defendant Librizzi did not show deliberate indifference to Plaintiff's health or safety.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

23.     Plaintiff is not entitled to punitive damages against Defendants.

### RESERVATION OF RIGHTS

24.     Defendants reserve the right to assert additional affirmative defenses in accordance with applicable law as they become known or as changes in the law occur.

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendants SALVATORE LIBRIZZI and COUNTY OF ROCKLAND, respectfully request that the Court: (i) enter final judgment in favor of Defendants and against Plaintiff on all claims in the AC, dismissing the AC in its entirety; (ii) enter an award of attorneys' fees and costs incurred in this action in favor of Defendants; and, (iii) enter such other and further relief as the Court deems just and proper.

Dated: November 16, 2023
        White Plains, New York

Yours, etc.,

**HARRIS BEACH PLLC**

By: ___/s/ *Darius P. Chafizadeh*___
        Darius P. Chafizadeh
        Mathew T. Dudley
        *Attorneys for Defendants,*
        *Salvatore Librizzi and County of Rockland*
        445 Hamilton Avenue, Suite 1206
        White Plains, New York 10601

5

To:    Plaintiff Malcolm Pitt, *pro se* (via First Class Mail)
DIN: 23B1367
Collins Correctional Facility
Middle Road, PO Box 340
Collins, NY 14034-0340