UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOM J. PITT,

                          Plaintiff,

-against-

SALVATORE LIBRIZZI, et al.,

                         Defendants.

**ORDER**

23-CV-02842 (PMH)

PHILIP M. HALPERN, United States District Judge:

      The Court was first advised on October 26, 2023 during the initial pretrial conference that correspondence defense counsel had served on plaintiff was returned to sender because plaintiff refused after three attempts by the facility to sign for his mail. The Court admonished plaintiff verbally on the record and memorialized that warning in a written order following the conference that he must do that which is necessary to receive his legal mail, because the Court may dismiss the action if Plaintiff fails to do so. (Doc. 54). Nevertheless, this conduct has continued. On November 10, 2023, defense counsel filed a letter advising the Court that their October 27, 2023 mailing to plaintiff containing copies of the Court's October 26, 2023 Order and the Civil Case Discovery Plan and Scheduling Order was returned to sender. (Doc. 60). Written on the envelope is a notation, "3rd try, not signed for." (*Id.*). Accordingly, on November 17, 2023, the Court issued another written order reminding plaintiff again that the action may be dismissed if he continues to fail to do that which is necessary to receive his mail and otherwise fails to participate in this lawsuit. (Doc. 64).

      Thereafter, when the Court was advised that plaintiff's address changed, an order was issued directing that plaintiff's address on the docket be updated and reminding plaintiff that he must notify the court promptly if his address changes. (Doc. 66). That order further warned that

failure to do so, and failure to accept mail, would be grounds to dismiss the action. (*Id*.). Because the Court received notice of a number of returned mailings, the Court also directed the Clerk of Court to mail copies of all the prior orders that were previously returned as undeliverable to plaintiff's new address. (*Id*.).

On December 21, 2023, defense counsel sought leave to move to dismiss due to plaintiff's continued failure to receive his mail. (Doc. 67). The Court construed that letter as a request for a conference in connection with an application to dismiss the complaint for failure to prosecute under Rule 41(b) and scheduled a conference. (Doc. 69). On January 9, 2024, the parties appeared for the scheduled conference. (Doc. 70). Plaintiff advised the Court that he intended to prosecute this action and the Court again reminded plaintiff of his obligation to promptly submit a written notification to the Court when his address changes, that he must do that which is necessary to receive his legal mail, and warned that the action may be dismissed if he continued to reject his mail. (*Id*.). At that conference, defense counsel noted they had served document demands and interrogatories on plaintiff, and plaintiff confirmed that he received the requests. (*Id*.). Plaintiff further advised that he did not respond to the discovery requests, despite the deadline of January 5, 2024 to serve his responses. (*Id*.). The Court directed plaintiff to serve his complete responses to the document demands and interrogatories on defense counsel by January 12, 2024. (*Id*.).

On January 22, 2024, the Court received notice of eight returned mailings made to plaintiff by the Clerk's Office. (*See* Jan. 22, 2024 Dkt. Entry). On January 30, 2024, plaintiff wrote the Court requesting copies of the discovery requests served upon him by defendants. (Doc. 71). The Court directed defendants to serve another set of their discovery demands upon plaintiff and *sua sponte* extended his time to respond to the document demands and interrogatories until two weeks

2

after the date of such service upon him. (Doc. 72). According to the certificate of service filed by defendants, those requests were again mailed to plaintiff on February 6, 2024. (Doc. 73).

On February 16, 2024, the Court received three copies of executed Authorization forms for release of health information pursuant to HIPAA and a Designation of Agent for Access to Records Sealed Pursuant to NYCPL §§ 160.50 and 160.55. (Doc. 74). Because those documents should not have been mailed to the Court, and should have been served upon defense counsel, the Court issued an order directing defense counsel to retrieve those documents from the courthouse. (Doc. 74). There were no responses to document demands or interrogatories included in plaintiff's mailing to the Court.

On March 1, 2024, defense counsel wrote the Court to advise that plaintiff still had not served responses to their document demands and interrogatories. (Doc. 75). Counsel further advised that another set of documents previously served on plaintiff were returned as undeliverable due to plaintiff's failure to retrieve his mail. (*Id*.). The Court likewise received notice of returned mailings on February 21, 2024 and again on March 5, 2024. (*See* Feb. 21, 2024 Dkt. Entry, Mar. 5, 2024 Dkt. Entry). Accordingly, on March 12, 2024, the Court issued an Order to Show Cause why this action should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 76). The order directed plaintiff to show cause in writing by April 17, 2024, and scheduled a show cause conference for April 24, 2024 in connection with defendants' request to discuss plaintiff's continued failure to timely respond to discovery in this matter. (*Id*.). Plaintiff did not file anything by the April 17, 2024 deadline. The Court received notice that the Order to Show Cause mailing was returned as undeliverable. (*See* Apr. 16, 2024 Dkt. Entry).

On April 24, 2024, the Court was advised that plaintiff could not be produced for the conference because the facility was on lockdown; accordingly, the conference was rescheduled to

May 1, 2024. (Doc. 77). On May 1, 2024, the telephone conference was held. Plaintiff confirmed that he received the document demands and interrogatories served by Defendants, and the Court sua sponte extended the deadline for plaintiff to serve on defendants his responses to the discovery demands to May 15, 2024. (Doc. 78). The Court warned plaintiff that, in light of the circumstances and history in this case, no further opportunities to comply with the discovery demands and the Court's orders would be afforded to him. (*Id*.). The Court also directed defendants to file and serve an affidavit bringing current all attempts to serve plaintiff, and annexing proof of service as well as copies of the returned envelopes by May 15, 2024. (*Id*.). Plaintiff's response to defendant's affidavit was due by May 29, 2024. (*Id*.).

On May 15, 2024, defendants complied with the Court's directive and filed an affidavit bringing current all attempts to serve papers in this action upon plaintiff. (Doc. 79). On May 23, 2024, the Court received by mail from plaintiff a two-page handwritten document titled "Interrogatories Answer" and three copies of executed Authorization forms for release of health information pursuant to HIPAA, all dated June 6, 2024. (Doc. 81). The Court noted that the mailing from plaintiff did not include a response to document demands. (*Id*.). Plaintiff's responses to Defendants' discovery demands were due by May 15, 2024, and his response to Defendants' affidavit was due by May 29, 2024. (Doc. 78). With the exception of that improper mailing to the Court (*see* Doc. 81), the Court did not receive any communication from plaintiff.

On June 25, 2024, in accordance with the Court's directive, defendants filed a letter confirming that plaintiff had still not yet responded to the document demands that were originally served on him on November 30, 2023, and did not respond in any way to defendants' May 15, 2024 affidavit. (Doc. 83).

4

**STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to comply with the Court's orders since October 26, 2023. As set forth *supra*, the Court has issued at least six orders directing Plaintiff to do that which is necessary to receive his legal mail, notify the court promptly if his address changes, timely respond to discovery in this matter, and otherwise participate in this lawsuit. (Docs. 54, 64, 66, 70, 76, 78). Plaintiff's failure to comply with the Court's directives over eight months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. In each of the Court's prior written orders, and verbally at each

conference, the Court warned Plaintiff that his failure to accept his legal mail, timely respond to discovery, and comply with the Court's orders would result in dismissal of his case. (*See* Docs. 54, 64, 66, 70, 76, 78). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter for more than eight months. Moreover, Plaintiff has brought the litigation to a standstill because of his failure to participate in discovery and respond to Defendants' document demands.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since October 26, 2023, the Court has issued multiple directives pressing Plaintiff to accept his legal mail, timely respond to discovery in this matter, comply with the Court's orders, and otherwise participate in this lawsuit. He has not complied with those directives.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff continues to disregard the Court's orders and appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## **CONCLUSION**

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   White Plains, New York
         June 26, 2024

_____
PHILIP M. HALPERN
United States District Judge